Filed
D.C. Superior Court
09/11/2019 19:12PM
Clerk of the Court

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

3644 13th St NWt LLC
      1350 Beverly Rd Ste 115
      McLean VA 22101

-and-

Atel Development LLC
      1350 Beverly Rd Ste 115
      McLean VA 22101

-and-

Todd Ragimov, Personally
      1716 Strine Drive
      McLean VA 22101
               *Plaintiffs*

v.

Atain Specialty Insurance Company
      Claims & Litigation Director
      30833 Northwestern Hwy Ste 200
      Farmington Hills MI 48334

-and-

 Burns & Wilcox Ltd.
      10 North Park Drive Ste 910
      Hunt Valley MD 21080

-and-

Margaret Ann Chenault t/a M.A. Chenault Insurance Services
      329 Prince George Street
      Laurel MD 20707
               *Defendants*

---

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**

NOW COME Plaintiffs 3644 13th St NW LLC, Atel Development LLC, and Todd Ragimov,

personally, and for their Complaint state and allege as follows:

1

1. Plaintiff Atel Development LLC is a Virginia Limited Liability Company registered to conduct business in the District of Columbia and having its principal offices at 1350 Beverly Rd, Ste 115, McLean VA 22101.

2. Plaintiff 3644 13th St NWt LLC is a Virginia Limited Liability Company registered to conduct business in the District of Columbia and having its principal offices at 1350 Beverly Rd Ste 115, McLean VA 22101.

3. Plaintiff Todd Ragimov ("Ragimov") is an individual resident of the Commonwealth of Virginia and sole Member and Manager of Atel Development LLC and 3644 13th St BW LLC, who is a resident of the Commonwealth of Virginia.

4. Defendant Atain Specialty Insurance Company ('Atain") is a corporation located in the State of Michigan with principal offices at 30833 Northwestern Hwy Ste 200, Farmington Hills MI 48334 that conducts business in the District of Columbia and has consented in writing to personal jurisdiction of the courts thereof.

5. Defendant Burns & Wilcox Ltd. ("Burns & Wilcox") is a Michigan corporation registered to conduct business in the District of Columbia, with its principal regional business offices at 10 North Park Drive Ste 910, Hunt Valley MD 21080.

6. Defendant Margaret Ann Chenault ("Chenault") is an individual conducting business under the Maryland Registered Trade Name of M.A. Chenault Insurance Services, who regularly conducts business in the District of Columbia and maintains a primary business office at 329 Prince George Street, Laurel MD 20707.

7. This Court has jurisdiction in that the subject matter of the dispute in that work was performed and insurance coverage provided for real property located in the District of Columbia and a written contract of insurance was executed in and by its terms

*Exhibit A - Page 2*

specifically enforceable in the District of Columbia, and all parties transact business in the District of Columbia.

8.  Venue is appropriate in this Court.

**Factual Summary**

9.  At all times relevant to this Complaint, Plaintiff 3644 13th St NW LLC was owner of certain real property located at 3644 14th Street NW, Washington DC ("Property")

10. Plaintiff 3644 13th St NW LLC acquired the Property for purposes of restoring, rehabilitating, then selling the Property.

11. At all times relevant to this Complaint, Plaintiff Todd Ragimov held a policy of commercial general liability insurance on which he, and his associated entities designated at "et al," were Named Insureds, Atain Specialty Insurance Policy #CIP296292 ("Atain Policy"). The Property was included on a "Schedule of Locations" specifically insured by the Atain Policy.

**Plaintiffs Purchase Insurance**

12. When requesting liability coverage from Defendants Chenault and Burns & Wilcox, Plaintiff Ragimov specifically informed those Defendants, acting individually and in their capacity as agents for Defendant Atain, of the nature of Plaintiffs' business operations, including but not limited to the fact that Plaintiffs regularly acquired buildings in the District of Columbia that were in deteriorated condition and required major structural and mechanical renovation and restoration prior to resale.

13. In the process of that application, Plaintiffs were interviewed by representatives of Defendant Chenault as to specific aspects of Plaintiffs' anticipated work and operations,

3

and were told by those persons that the Burns & Wilcox "House Flipper Policy," underwritten by Atain, was the correct insurance product for the coverage requested.

14. Defendant Chenault prepared an application for coverage on behalf of Plaintiffs, and submitted same to Defendant Burns & Wilcox for review.  In response, Burns & Wilcox proposed what was eventually issued as the Atain Policy.

15. Specifically, Defendant Chenault knew of and understood the nature and structure of Plaintiffs' business, including the fact that each of the properties under renovation was owned by a single-purpose Limited Liability Company under the control of Plaintiff Ragimov.

16. Despite the fact that both Defendants Chenault and Burns & Wilcox had actual knowledge that Plaintiff Ragimov owned the real properties scheduled on the Atain Policy through separate Limited Liability Companies, they caused the Atain policy to be issued with the abbreviated identification of "Named Insured" as "Todd Ragimov *et al*."

17. In the proposal for insurance, as communicated to Defendant Chenault on behalf of Plaintiff Ragimov, Defendant Burns & Wilcox recited a "Ratings Basis" that stated: "10 Dwellings to be flipped annually … $720,000 Sub Costs."

18. In the proposal for insurance as communicated to Defendant Chenault by Defendant Burns & Wilcox, eight specific properties were listed, including the Property at issue in this case.

19. The Atain Policy was styled and proffered to Plaintiffs and specifically titled by Burns & Wilcox as a "House Flipper" policy, specifically intended to provide coverage in the type of business operated by Plaintiffs.

20. The Atain Policy "Schedule of Locations" included the Property address as "Prem. No. 8" and identified the Property address as "vacant."

21. The Atain Policy "Commercial Liability Part Supplemental Declarations" provided for $2,000,000.00 in liability coverage, $1,000,000.00 per incident.

22. Plaintiffs paid all premiums on the Atain Policy in full and when due.

**Plaintiffs Hire Contractors to Commence Work**

23. Prior to commencing any work at the Property, Plaintiff 3644 13th St NW LLC retained qualified architectural designer(s) and engineers(s) to prepare complete drawings for contemplated work at the Property, and obtained all necessary permits to commence such work.

24. On or about December 2, 2016, Plaintiff 3644 13th St  NW LLC entered into a written agreement with Abel Romero d/b/a Romero Contracting ("Romero") to perform work at the Property.

25.  The written contract between 3644 13th St NW LLC and Romero required that Romero fully indemnify and hold Plaintiffs harmless as to all claims arising directly or indirectly from Romero's negligence, and Plaintiffs further required, *inter alia*, that Romero obtain and maintain general liability insurance in a minimum amount of $1,000,000 per incident and $2,000,000 in the aggregate, and to name Plaintiff Ragimov and his affiliated companies as additional insured on such policy.

26. Romero provided Plaintiff Ragimov with a Certificate of Insurance ("Romero Certificate") issued by Defendant Chenault and verifying the required coverage in effect as of the date the contract was signed, naming Plaintiff Ragimov and his affiliated

5

companies as Certificate Holder.  This was also prior to the date when Romero first entered the job site.

27. Upon information and belief, as of the date of the Incident Romero had failed to pay the premium necessary to renew the policy referenced in the Romero Certificate, and that policy had temporarily lapsed but has since been renewed, replaced and/or reinstated.

28. As of the date of filing the instant Complaint, neither Romero nor his putative insurance carrier have responded to repeated demands for indemnification and coverage.

**The Incident**

29. On or about August 10, 2017, while Romero's workers were performing work on the basement level of the Property, there was an unanticipated problem with the portion of work they were performing involving the Property foundation and walls (the "Incident"). Emergency crews were called and work was temporarily suspended while engineers and regulatory inspectors determined the cause of the problem and developed a solution to stabilize the basement and permit work at the Property to resume.

30. Romero immediately ceased work at the Property and Plaintiffs retained other parties to stabilize and repair damage to the Property caused by the Incident.

31. The precise cause and effect of the Incident have not yet been determined, but it is undisputed that some damage and disruption to the Property did occur on that date, and that neighbors have alleged damage to their respective homes and to party walls shared with the Property.

32. Plaintiffs dispute both liability and damages to third parties as a result of the Incident.

**Litigations and Denial of Coverage**

33. Subsequent to the Incident, Ofelia Arguetta and Cristobal Arguetta, owners of a home at 3646 13th Street NW, Washington DC, adjoining and sharing a party wall with the Property, filed suit against Plaintiffs and others alleging negligence by Plaintiffs and substantial damage to that adjoining property.  That action is currently pending before this Court as *Ofelia Argueta and Cristobal Argueta v. Ragimov, 3644 13th Street NW, LLC, and Abel Romero and Romero Construction,* 2018 CA 001704 (D.C. Superior)("Arguetta Litigation").

34. Both prior to and again following service and subsequent amendment of the Arguetta Litigation on Plaintiffs, Plaintiffs notified Defendant Atain and made claim for defense and coverage under the Atain Policy.  Atain declined such coverage or defense.

35. Subsequent to the Incident, Mamie Preston, owner of a home at 3642 13th Street NW, Washington DC, adjoining and sharing a party wall with the Property, filed suit against Plaintiffs and others alleging negligence by Plaintiffs and substantial damage to that adjoining property.  That action is currently pending before this Court as *Mamie Preston v. Atel Development LLC et al,* 2019 CA 001577 B (D.C. Superior)("Preston Litigation").

36. Both prior to and again following service of the Preston Litigation on Plaintiffs, Plaintiffs notified Defendant Atain and made claim for defense and coverage under the Atain Policy.  Atain declined such coverage or defense.

37. Plaintiffs have, at their own expense and effort, been defending against the Arguetta Litigation and the Preston Litigation.

**First Cause of Action – Declaratory Judgment against Defendant Atain**

38. Plaintiffs incorporate by reference the above allegations of the Complaint as if fully set forth herein.

39. There is an actual and justiciable controversy as to the responsibility of Defendant Atain under the Atain Policy to provide defense and indemnity to Plaintiffs with respect to the Arguetta Litigation and the Preston Litigation.

40. Plaintiffs are entitled to Declaratory Judgment establishing that Defendant Atain has a contractual duty to defend and indemnify Plaintiffs as to any claims of negligence set forth in the Arguetta Litigation and the Preston Litigation.

**Second Cause of Action – Breach of Contract by Atain**

41. Plaintiffs incorporate by reference the above allegations of the Complaint as if fully set forth herein.

42. Under terms of the Atain Policy, Defendant Atain had a contractual duty to Plantiffs to provide defense and indemnity as to any and all negligence claims raised in the Arguetta Litigation and the Preston Litigation.

43. By refusing to do so, Defendant Atain is in violation of its contractual duties to Plaintiffs.

44. Plaintiffs have been harmed by such negligence in the expense and effort thus far expended in the Arguetta and Preston Litigations, and will continue to be harmed by such negligence in an amount to be determined at trial but not less than $75,000.00 in addition to liability, if any, assessed against Plaintiffs in those Litigations.

**Third Cause of Action – Negligence by Defendants Burns & Wilcox and Chenault**

45. Plaintiffs incorporate by reference the above allegations of the Complaint as if fully set forth herein.

8

*Exhibit A - Page 8*

46. To the extent Atain is successful in any argument it may assert in defense of its denial of coverage by asserting that the "Named Insured" does not include persons named as defendants in the Arguetta Litigation and/or the Preston Litigation, such denial of coverage is the proximate result of false representations, errors and omissions by Defendants Chenault and Burns & Wilcox.

47. To the extent Atain is successful in any argument it may assert in defense of its denial of coverage by asserting that there were mistakes or misstatements in description of the business operations of Plaintiffs, such denial of coverage is the proximate result of false representations, errors and omissions by Defendants Chenault and Burns & Wilcox.

48. There is an actual and justiciable controversy as to the responsibility of Defendants Chenault and Burns & Wilcox to provide indemnification to Plaintiffs as to their liability, if any, in the Arguetta Litigation and Preston Litigation, and (if proved by Atain) as to the negligence of Defendants Chenault and Burns & Wilcox in causing the Atain Policy to be issued without proper coverage for defense and indemnification of those cases.

49. Plaintiffs are entitled to declaratory judgment holding that (a) Plaintiffs applied for and Defendants Chenault and Burns & Wilcox promised coverage sufficient to defend and indemnify against claims such as those asserted in the Arguetta Litigation; (b) Plaintiffs applied for and Defendants Chenault and Burns & Wilcox promised coverage sufficient to defend and indemnify against claims such as those asserted in the Preston Litigation; and (c) if Defendant Atain is held to be correct in its denial of coverage to Plaintiffs, the proximate cause of such denial were the acts and omissions of Defendants Chenault and Burns & Wilcox.

50. Plaintiffs have been harmed by such negligence in the expense and effort thus far expended in the Arguetta and Preston Litigations, and will continue to be harmed by such negligence in an amount to be determined at trial but not less than $75,000.00 in addition to liability, if any, assessed against Plaintiffs in those Litigations.

**Fourth Cause of Action -Negligence by Defendant Chenault**

51. Plaintiffs incorporate by reference the above allegations of the Complaint as if fully set forth herein.

52.  As issuer of the Romero Certificate, Defendant Chenault had a duty to notice Plaintiffs, as Certificate Holder, if and when Romero's insurance lapsed, was cancelled or was otherwise not in force.

53. Defendant Chenault violated this duty when it did not inform Plaintiffs that coverage represented on the Romero Certificate was not in force during any portion of the work performed by Romero.

54. Defendant Chenault instead caused the Romero insurance to be subsequently reissued or reinstated and provided Plaintiffs with an updated Certificate of Insurance showing new dates of coverage but omitting the fact that there had been an interruption in Romero's insurance.

55. As a direct and proximate result of Defendant Chenault's negligence in failing to so notify Plaintiffs, Plaintiffs permitted Romero to continue work at the Property, erroneously believing the Romero Certificate to still be valid and the underlying coverage in full force and effect.

56. Not until after the Incident were Plaintiffs informed that Romero allegedly did not have the required insurance coverage in force as of the date of the Incident.

*Exhibit A - Page 10*

57. Defendant Chenault had actual knowledge of provisions in the Atain Policy that required Plaintiffs to obtain and maintain a Certificate of Insurance as to Romero, as evidenced in part by the fact Defendant Chenault acted as agent for insurance carriers both for Romero on its insurance and for Plaintiffs on the Atain Policy, and as further evidenced in part by the fact that Defendant Chenault issued the Romero Certificate to "Todd Ragimov ETL" consistent with the nomenclature for Named Insured in the Atain Policy.

58. To the extent Atain is successful in any argument it may assert in defense of its denial of coverage by asserting that the Romero Certificate was insufficient to comply with coverage requirements for Plaintiffs' contractors under the Atain Policy, such denial of coverage is the proximate result of false representations, errors and omissions by Defendant Chenault.

59. Plaintiffs are entitled to declaratory judgment holding that (a) Defendant Chenault had a duty to Plaintiffs to inform Plaintiffs if and when the Romero Certificate became invalid; (b) Defendant Chenault provided no such notice and concealed from Plaintiffs the fact the previously-issued Certificate was no longer valid, thereby breaching such duty; and (c) if Defendant Atain is held to be correct in its denial of coverage to Plaintiffs, the proximate cause of such denial were the acts and omissions of Defendant Chenault.

60. Plaintiffs have been harmed by such negligence in the expense and effort thus far expended in the Arguetta and Preston Litigations, and will continue to be harmed by such negligence in an amount to be determined at trial but not less than $75,000.00 in addition to liability, if any, assessed against Plaintiffs in those Litigations.

WHEREFORE Plaintiffs, jointly and severally, pray for judgment in their favor and relief as follows;

*Exhibit A - Page 11*

A.  For Declaratory Judgment that (a) the Incident is a covered claim under the Atain Policy to which no exclusions apply; (b) Defendant Attain is required by contract to defend Plaintiffs against claims of negligence in the Arguetta Litigation and, (c) if and when proved at trial and awarded as judgment against Plaintiffs as a result of claimed negligence, Defendant Atain must indemnify Plaintiffs against any judgment awarded in the Arguetta Litigation; and

B.  For award of damages against Defendant Atain and in favor of Plaintiffs in reimbursement for costs and legal fees incurred by Plaintiffs in the Arguetta Litigation; and

C.  For an Order that Defendant Atain hereafter provide defense to Plaintiffs in the Arguetta Litigation, or pay to Plaintiffs their cost of same; and

D.  For Declaratory Judgment that (a) the Incident is a covered claim under the Atain Policy to which no exclusions apply; (b) Defendant Attain is required by contract to defend Plaintiffs against claims of negligence in the Preston Litigation and, (c) if and when proved at trial and awarded as judgment against Plaintiffs as a result of claimed negligence, Defendant Atain must indemnify Plaintiffs against any judgment awarded in the Preston Litigation; and

E.  For award of damages against Defendant Atain and in favor of Plaintiffs in reimbursement for costs and legal fees incurred by Plaintiffs in the Preston Litigation; and

F.  For an Order that Defendant Atain hereafter provide defense to Plaintiffs in the Preston Litigation, or pay to Plaintiffs their cost of same; and

12

G.  If, and only if, declaratory judgment against Defendant Atain is denied, then for Declaratory Judgment that Defendant Chenault negligently represented and prepared application for insurance on behalf of Plaintiffs and negligently advised and procured such coverage on behalf of Plaintiff, proximately causing Plaintiffs' exposure to liability in the Arguetta Litigation and the Preston Litigation.

H.  If, and only if, declaratory judgment against Defendant Atain is denied, then for Declaratory Judgment that Defendant Burns & Wilcox negligently represented and prepared application for insurance on behalf of Plaintiffs and negligently advised and procured such coverage on behalf of Plaintiff, proximately causing Plaintiffs' exposure to liability in the Arguetta Litigation and the Preston Litigation.

I.  For Declaratory Judgment that (a) Defendant Chenault had a duty to Plaintiffs to inform Plaintiffs if and when the Romero Certificate became invalid; (b) Defendant Chenault provided no such notice and concealed from Plaintiffs the fact the previously-issued Certificate was no longer valid, thereby breaching such duty; and (c) if Defendant Atain is held to be correct in its denial of coverage to Plaintiffs, the proximate cause of such denial were the acts and omissions of Defendant Chenault; and

J.  For award of damages against all Defendants, jointly and severally, in an amount to be determined at trial but not less than $75,000.00; and

K.  For award against all Defendants, jointly and severally, of Plaintiffs' costs and attorney fees incurred in the instant litigation; and

L.  For such other relief as this Court deems proper and just

*Exhibit A - Page 13*

**Request for Expedited Consideration**

Pursuant to Super.Ct.Civ.R. 57, expedited consideration and ruling is requested on Plaintiff's

prayer for Declaratory Judgement.

RESPECTFULLY SUBMITTED:
September 11, 2019                          3644 13th St NW  LLC
Atel Business Development LLC
Todd Ragimov

By Counsel

James M. Loots #384763
Law Offices of James M. Loots PC
634 G Street SE #200
Washington DC 20003
(202) 536-5650
jloots@lootslaw.com

14

*Exhibit A - Page 14*

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

3644 13th St NW LLC, et al                    Case Number: _____

vs                                            Date: _____September 11, 2019_____

Atain Specialty Insurance Company, et al      ☐ One of the defendants is being sued
                                                in their official capacity.

| | |
|---|---|
| Name: *(Please Print)*<br>James M Loots | **Relationship to Lawsuit** |
| Firm Name:<br>Law Offices of James M Loots PC | ☒ Attorney for Plaintiff |
| Telephone No.:              Six digit Unified Bar No.:<br>(202) 536-5650      #384763 | ☐ Self (Pro Se)<br>☐ Other: _____ |

TYPE OF CASE:  ☒ Non-Jury      ☐ 6 Person Jury      ☐ 12 Person Jury

Demand: $ __75,000.00__                        Other: Declaratory Judgment

_ PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.: 2018 CA 001704      Judge: Pan          Calendar #: 9

Case No.: 2019 CA 001577 B    Judge: Williams      Calendar#: 5

---

**NATURE OF SUIT:**      *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☐ 01 Breach of Contract        ☐ 14 Under $25,000 Pltf. Grants Consent   ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty        ☐ 17 OVER $25,000 Pltf. Grants Consent    ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument     ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property              Over $25,000 Pltf. Grants Consent          Over $25,000 Consent Denied
☐ 13 Employment Discrimination ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees         Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                               ☐ 28 Motion to Confirm Arbitration
                                    Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile          ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion          ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process             ☐ 10 Invasion of Privacy          ☐ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection      ☐ 11 Libel and Slander                 Not Malpractice)
☐ 03 Assault and Battery          ☐ 12 Malicious Interference       ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury  ☐ 13 Malicious Prosecution        ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)   ☐ 14 Malpractice Legal            ☐ 20 Friendly Suit
☐ 06 False Accusation             ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest                 ☐ 16 Negligence- (Not Automobile, ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                             Not Malpractice)             ☐ 23 Tobacco
                                                                    ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

CV-496/June 2015

*Exhibit A - Page 15*

# Information Sheet, Continued

**C. OTHERS**

☐ 01 Accounting
☐ 02 Att. Before Judgment
☐ 05 Ejectment
☐ 09 Special Writ/Warrants
    (DC Code § 11-941)
☐ 10  Traffic Adjudication
☐ 11 Writ of Replevin
☐ 12 Enforce Mechanics Lien
☒ 16 Declaratory Judgment

☐ 17 Merit Personnel Act (OEA)
    (D.C. Code Title 1, Chapter 6)
☐ 18 Product Liability

☐ 24 Application to Confirm, Modify,
    Vacate Arbitration Award (DC Code § 16-4401)
☐ 29 Merit Personnel Act (OHR)
☐ 31 Housing Code Regulations
☐ 32 Qui Tam
☐ 33 Whistleblower

**II.**

☐ 03 Change of Name
☐ 06 Foreign Judgment/Domestic
☐ 08 Foreign Judgment/International
☐ 13 Correction of Birth Certificate
☐ 14 Correction of Marriage
    Certificate
☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
☐ 27 Petition for Civil Asset Forfeiture (Currency)
☐ 28 Petition for Civil Asset Forfeiture (Other)

☐ 15 Libel of Information
☐ 19 Enter Administrative Order as
    Judgment [ D.C. Code §
    2-1802.03 (h) or 32-151 9 (a)]
☐ 20 Master Meter (D.C. Code §
    42-3301, et seq.)

☐ 21 Petition for Subpoena
    [Rule 28-I (b)]
☐ 22 Release Mechanics Lien
☐ 23 Rule 27(a)(1)
    (Perpetuate Testimony)
☐ 24 Petition for Structured Settlement
☐ 25 Petition for Liquidation

**D. REAL PROPERTY**

☐ 09 Real Property-Real Estate
☐ 12 Specific Performance
☐ 04 Condemnation (Eminent Domain)
☐ 10 Mortgage Foreclosure/Judicial Sale
☐ 11 Petition for Civil Asset Forfeiture (RP)

☐ 08 Quiet Title
☐ 25 Liens: Tax / Water Consent Granted
☐ 30 Liens: Tax / Water Consent Denied
☐ 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

September 11, 2019
_____
Date

CV-496/ June 2015

*Exhibit A - Page 16*



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

3644 13th St NW LLC, et al
_____
Plaintiff

vs.                                    Case Number _____

Atain Specialty Insurance Company
    Serve: Claims and Litigation Director        Defendant
    30833 Northwestern Hwy Ste 200
    Farmington Hills MI 48334            **SUMMONS**

To the above named Defendant:

        You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

        You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

James M. Loots #384763                        _Clerk of the Court_
_____
Name of Plaintiff's Attorney

634 G Street SE #200                    By _____
_____
Address                                        Deputy Clerk

Washington DC 20003
_____

(202) 536-5650
_____                Date _____
Telephone

如需翻譯,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요        የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ


    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

_Exhibit A - Page 17_

FORM SUMMONS - Jan. 2011                                    CASUM.doc



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

3644 13th St NW LLC et al
_____
                                    Demandante

            contra

                                                    Número de Caso: _____

Atain Specialty Insurance Company
Serve: Claims and Litigation Director      Demandado
30833 Northwestern Hwy Ste 200
Farmington Hills MI 48334                  **CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio.  Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación.  Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante.  El nombre y dirección del abogado aparecen al final de este documento.  Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados.  Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante.  Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

James M. Loots #384763
_____
Nombre del abogado del Demandante            *SECRETARIO DEL TRIBUNAL*

634 G Street SE #200
_____          Por: _____
Dirección                                              Subsecretario
Washington DC 20003

(202) 536-5650
_____          Fecha _____
Teléfono

如需翻譯,請打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요     ያማርኛ ተርጓሚ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA.  SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO.  SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc
*Exhibit A - Page 18*

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

3644 13th St NW LLC, et al
_____
                                        Plaintiff

                                                    Case Number  _____

Margaret Ann Chenault

    329 Prince George Street                  Defendant
    Laurel MD 20707

## SUMMONS

To the above named Defendant:

      You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

      You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

James M. Loots #384763                                    _Clerk of the Court_
_____
Name of Plaintiff's Attorney

634 G Street SE #200                            By _____
_____
Address                                              Deputy Clerk
Washington DC 20003
_____

(202) 536-5650                                  Date _____
_____
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오          የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                              CASUM.doc

_Exhibit A - Page 19_



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

3644 13th St NW LLC et al
_____
                          Demandante

        contra
                                           Número de Caso: _____

Margaret Ann Chenault
329 Prince George Street           Demandado
Laurel MD 20707
                          **CITATORIO**

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

James M. Loots #384763                                    _SECRETARIO DEL TRIBUNAL_
_____
Nombre del abogado del Demandante

634 G Street SE #200
_____        Por: _____
Dirección
Washington DC 20003                                          Subsecretario

(202) 536-5650
_____        Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      ʾamarəñña tərgʷame ləmaговт (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, _NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO_.

    Si desea converser con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

3644 13th St NW LLC, et al
_____
                                              Plaintiff

                        vs.                                    Case Number _____

Burns & Wilcox Ltd
_____

Serve:   CT Corporation System          Defendant
         1015 15th St NW Ste 1000
         Washington DC 20005             **SUMMONS**

To the above named Defendant:

       You are hereby summoned and required to serve an Answer to the attached Complaint, either
personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive
of the day of service. If you are being sued as an officer or agency of the United States Government or the
District of Columbia Government, you have sixty (60) days after service of this summons to serve your
Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The
attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed
to the plaintiff at the address stated on this Summons.

       You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue,
N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on
Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on
the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment
by default may be entered against you for the relief demanded in the complaint.

James M. Loots #384763                                    _Clerk of the Court_
_____
Name of Plaintiff's Attorney

634 G Street SE #200                          By _____
_____
Address                                            Deputy Clerk
Washington DC 20003
_____
(202) 536-5650
_____                 Date _____
Telephone
如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU
ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT
MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE
COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR
REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS
ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the
Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500
Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

                         See reverse side for Spanish translation
                         Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                                      CASUM.doc

                                                            _Exhibit A - Page 21_



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

3644 13th St NW LLC et al

                                  Demandante

        contra

Burns & Wilcox Ltd

  Serve:     CT Corporation System           Número de Caso: _____
             1015 15th St NW Ste 1000    Demandado
             Washington DC 20005

                              **CITATORIO**

Al susodicho Demandado:

       Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

       A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

James M. Loots #384763                    *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

634 G Street SE #200
                                  Por: _____
Dirección
Washington DC 20003
                                  Subsecretario

(202) 536-5650                        Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828   Veuillez appeler au (202) 879-4828 pour une traduction   Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

    IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

    Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

*Exhibit A - Page 22*