UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

3644 13TH ST NW LLC, et al.

    Plaintiffs,

    v.

BURNS & WILCOX, LTD, et al.

    Defendants.

Civil Action No. 19-2912 (JDB)

## ORDER

    This case was first filed in September 2019.  See Compl. [ECF No. 1-2].  Plaintiffs 3644 13th St. NW, LLC, Atel Development, LLC, and Todd Ragimov (together, "plaintiffs") brought claims against their insurer, Atain Specialty Insurance Company, alleging that it was in breach of plaintiffs' insurance policy by refusing to defend plaintiffs in a separate lawsuit filed in D.C. Superior Court.  See id. ¶¶ 38–44; see also 3644 13th St NW LLC v. Atain Specialty Ins. Co., No. CV 19-2912 (JDB), 2022 WL 111245, at *2–4 (D.D.C. Jan. 12, 2022) (further describing the underlying litigation and plaintiffs' claims).  Plaintiffs also brought claims against defendants Chenault Insurance Services and Burns & Wilcox, Ltd. (together, "defendants") claiming negligence in the preparation of the application for plaintiffs' insurance policy with Atain.  See Compl. ¶¶ 45–60.  The Court ordered that the case proceed in two phases—first, a determination of the scope of plaintiffs' insurance policy coverage ("Phase One"); and second, if necessary, a resolution of plaintiffs' negligence claims against defendants ("Phase Two").  See July 20, 2020 Scheduling Order [ECF No. 33].  In January 2022, the Court granted summary judgment for Atain, finding that Atain did not have a duty to defend or indemnify plaintiffs in the Superior Court lawsuit.  See 3644 13th St NW LLC, 2022 WL 111245, at *9.  The Court then moved to Phase Two of the litigation, which would resolve plaintiffs' claims against Chenault and Burns &

1

Wilcox, and set a schedule for discovery that would conclude by mid-July 2022. See Feb. 4, 2022 Scheduling Order [ECF No. 69].

Plaintiffs, however, struggled to adhere to that schedule. In May 2022, plaintiffs' counsel requested to push the discovery schedule back 45 days due to a "major medical event that resulted in extended and continuing absence from the office and effectively incapacitated him from performing any meaningful work." See Pl.'s Uncontested Mot. to Extend Disc. Schedule for Phase II Litigation [ECF No. 70] at 1. The Court granted that motion in part. See May 3, 2022 Scheduling Order [ECF No. 71]. A month later, plaintiffs requested a further extension of expert discovery, see Pl.'s Mot. to Extend Expert Disclosure Deadline [ECF No. 72], which the Court granted, see June 17, 2022 Min. Order. This was not the first time that plaintiffs had struggled with deadlines: in Phase One of the litigation, plaintiffs filed a cross-motion for summary judgment weeks late, ultimately filing their memorandum of law in support of the motion for summary judgment six weeks after the deadline. See 3644 13th St NW LLC, 2022 WL 111245, at *3–4 (describing plaintiffs' disregard for deadlines during Phase One summary judgment briefing).

On July 6, 2022, Chenault filed a motion to dismiss for failure to prosecute in this long-running case. See Mem. in Supp. of Chenault's Mot. to Dismiss for Failure to Prosecute [ECF No. 74-1] ("Mot. to Dismiss"). As described in Chenault's motion, for months leading up to July 6 not only had counsel for plaintiffs missed or moved the deadlines described above, but he had also been nonresponsive to emails and entirely failed to participate in discovery. See Mot. to Dismiss at 4–5 (describing defendants' difficulty contacting plaintiffs' counsel during Phase Two discovery and plaintiffs' missed deadlines); see also June 17, 2022 Min. Order ("The Court further admonishes plaintiffs' counsel to take all reasonable steps to avoid further delays in this matter . . . ."). On July 27, plaintiffs filed a response, arguing that any brief delays or issues were excusable, that there was no bad faith, and that the high standard for dismissal based on failure to

prosecute had not been met. See generally Pls.' Resp. to Mot. to Dismiss [ECF No. 79]. Plaintiffs' counsel reiterated that he had been "unexpectedly and materially impaired in [his] ability to respond to the outstanding written discovery," id. at 6, due to "unanticipated and unavoidable medical interruptions," Pls.' Suppl. Opp'n to Mot. to Dismiss [ECF No. 86] ("Suppl. Opp'n to Mot. to Dismiss") at 3.[1] In the following months, these issues lingered—plaintiffs missed numerous discovery deadlines and at least one court-imposed deadline. In August, Chenault filed a reply in support of its motion to dismiss and, a few weeks later, a supplemental memorandum describing plaintiffs' continuing delays.[2] See generally Reply in Supp. of Mot. to Dismiss [ECF No. 82]; Suppl. Mem. to Reply in Supp. of Mot. to Dismiss [ECF No. 84].

The Court held a hearing on September 1, 2022 to discuss plaintiffs' continued delays and the motion to dismiss. See Sept. 1, 2022 Min. Entry. At that hearing, the Court extended discovery until September 30, 2022, directed plaintiffs to file a supplemental memorandum in further support of its response to the motion to dismiss, and directed defendants to file a reply. Sept. 1, 2022 Order [ECF No. 85] at 1. The Court also directed plaintiffs' counsel to certify in the supplemental memorandum that he had "conferred with his client(s)" about the motion to dismiss and the status of the case, id., and ordered the parties to submit a joint status report on the progress of discovery by September 29, 2022, id. at 2. The parties submitted supplemental briefs, see Suppl. Opp'n to Mot. to Dismiss; Suppl. Reply in Further Supp. of Mot. to Dismiss [ECF No. 87], and filed an update on discovery, see Joint Statement of Proposed Am. Disc. Schedule [ECF No. 89] ("Joint Discovery Update").

---

[1] Plaintiffs' counsel submitted a sealed declaration further describing his medical situation. See Decl. of James M. Loots [ECF No. 81].

[2] Burns & Wilcox adopted and incorporated Chenault's motion in early August. See Burns & Wilcox Reply to Pls.' Resp. to Mot. to Dismiss [ECF No. 83]. Because Burns & Wilcox has joined each of Chenault's motions, the Court will refer to Chenault's motions as "defendants' motions."

3

The last round of submissions paints a more encouraging picture of plaintiffs' counsel's participation in this case. The parties agree that plaintiffs have responded to all written discovery requests and produced responsive documents (albeit late). See Suppl. Opp'n to Mot. to Dismiss at 1–2; Suppl. Reply in Further Supp. of Mot. to Dismiss at 3; Joint Discovery Update at 1. Plaintiffs have also served written discovery on defendants and met and conferred about a discovery schedule. See Joint Discovery Update at 2–3. With this context, the Court now decides defendants' pending motion to dismiss for failure to prosecute.

## Legal Standards

The Court has the power under the Federal Rules of Civil Procedure to dismiss a case when a plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); accord Gardner v. United States, 211 F.3d 1305, 1308 (D.C. Cir. 2000); see also LCvR 83.23. But courts have a "policy strongly favoring disposition of cases on the merits wherever possible" and, if possible, try to avoid the "drastic step" of dismissal of a lawsuit "never heard on its merits." Camps v. C & P Tel. Co., 692 F.2d 120, 123–24 (D.C. Cir. 1981). The D.C. Circuit has identified "three basic justifications for dismissal because of attorney misconduct: (1) prejudice to the other party; (2) failure of alternative sanctions to mitigate the severe burden that the misconduct has placed on the judicial system; and (3) deterrence of future misconduct." Gardner, 211 F.3d at 1309. "These justifications are not easily met." Id. Dismissal is more likely to be warranted if plaintiff "previously had been warned by the court that he or she must act with greater diligence, . . . has presented no legitimate excuse for the delay, or if there are other factors aggravating the offending party's inaction." Cartagena v. Centerpoint Nine, Inc., 303 F.R.D. 109, 112 (D.D.C. 2014) (quoting Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, 9 Federal Practice & Procedure § 2370 (3d. ed.)).

## Analysis

Over the last year, plaintiffs have filed motions late, missed discovery deadlines, and ignored scheduling orders from the Court.  Nonetheless, the Court will deny the motion to dismiss, as plaintiffs' conduct has not risen to the extreme level required for dismissal, plaintiffs have demonstrated (for now) that they intend to continue prosecuting the case, and defendants have not shown that they have suffered prejudice.

First, plaintiffs' conduct has not risen to the level of "egregious conduct" required to dismiss a case before reaching the merits.  See Peterson v. Archstone Communities LLC, 637 F.3d 416, 418 (D.C. Cir. 2011) (citation omitted).  Plaintiffs' counsel has been present at all hearings and has acknowledged his delays and non-responsiveness.  Importantly, he has also offered a "legitimate excuse for the delay[s]," Cartagena, 303 F.R.D. at 112, namely, serious medical issues that have made it difficult to work for the past six months.  See Suppl. Opp'n to Mot. to Dismiss at 3.  Of course, this does not excuse his behavior entirely.  But it does suggest that something more than simple disregard was motivating much of his behavior.  And despite the fact that plaintiffs' counsel's misconduct has been going on for quite some time, this is not a case where delays have derailed the entire litigation.  Cf. Ames v. Standard Oil Co. (Ind.), 108 F.R.D. 299, 302 (D.D.C. 1985) (dismissing a case that was stayed pending arbitration because, among other reasons, "almost a year ha[d] passed since plaintiffs were first ordered to proceed to arbitration" and they had failed to do so); Hyatt v. Lee, 232 F. Supp. 3d 148, 151 (D.D.C. 2017) ("For the next eight years this case languished on this Court's docket without any action . . . ."); James v. Nationstar Mortg. LLC, 323 F.R.D. 85, 87 (D.D.C. 2017) ("[T]his Court has not heard from Plaintiffs since they indicated they wished to proceed pro se on May 17, 2017—more than seven months ago.").  The case has moved forward—Phase One has concluded, and discovery is well underway in Phase Two.

5

Second, following the Court's warning in late August, plaintiffs' counsel has met the deadlines ordered by the Court and completed responses to written discovery. It may be that going forward, the issues that have plagued the last year of litigation return, and if so, the Court may find that sanctions are warranted then. But as of now, the facts of this case—including plaintiffs' recent change in conduct, the explanation for many of the delays, and the continued prosecution of the case—differentiate it from those where dismissal was found to be an appropriate sanction. See, e.g., Ames, 108 F.R.D. at 301 (holding dismissal justified when plaintiff "provided no valid justification for his failure to appear and to respond to Court orders" and, following the court's warning, plaintiffs submitted a "non-responsive and completely unsatisfactory" pleading).

Finally, defendants have not shown sufficient prejudice to support a dismissal. It is true that "prejudice may be presumed where plaintiff fails to diligently prosecute an action." Ames, 108 F.R.D. at 302. But the facts of this case suggest that any prejudice has been mitigated: the first deadline plaintiffs missed was the deadline to submit their cross-motion for summary judgment, which the Court denied and instead granted Atain summary judgment, see 3644 13th St NW LLC, 2022 WL 111245, at *9, and in this phase of the litigation, the Court has extended discovery for months to allow defendants sufficient time to gather the information from plaintiffs that was previously delayed or withheld, see Sept. 30, 2022 Order [ECF No. 90] at 1.

Plaintiffs now have been "warned of the consequences" of continuing to miss deadlines and delay the case, and this warning will weigh in favor of future sanctions should plaintiffs revert. See, e.g., Wooten v. Premier Yachts, Inc., No. 00-7127, 2000 WL 1683500, at *1 (D.C. Cir. Oct. 18, 2000); see also Peterson, 637 F.3d at 419–20 (distinguishing the situation in Wooten as the plaintiff had been warned of the consequences of continued misconduct by the Court). But at this point, plaintiffs' conduct has been "troubling, but not (yet) such an egregious abuse of the adversary process to warrant dismissal." Cartagena, 303 F.R.D. at 114.

\*       \*       \*

For the foregoing reasons, and upon consideration of the entire record herein, it is hereby

**ORDERED** that [74] defendants' motion to dismiss for failure to prosecute is **DENIED**.

**SO ORDERED**.

/s/<br>JOHN D. BATES<br>United States District Judge

Dated: October 6, 2022